# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2862

_____

United States of America,       *

                                *

        Appellee,         *

                                *

    v.                   *   Appeal from the United States

                                *   District Court for the

Michael Sean Cheezem,      *   Western District of Arkansas.

                                *

        Appellant.       *   [UNPUBLISHED]

_____

Submitted: June 26, 2008
Filed: June 27, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

     Michael Cheezem pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Noting that the applicable advisory Guidelines imprisonment range was 120-150 months but the statutory maximum was 10 years, the district court[1] sentenced him to 120 months in prison. On appeal, Cheezem argues that a 2-level distribution enhancement to his total offense level pursuant to U.S.S.G. § 2G2.2(b)(3)(F) violated the spirit of his plea agreement; and that his sentence was

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

greater than necessary, and thus unreasonable, because the district court failed to grant his request for a downward variance.

We conclude that application of the enhancement for distribution of the pornographic images did not violate the plea agreement, because the agreement specifically permitted the district court to consider all relevant conduct in sentencing Cheezem. See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (appeals court reviews interpretation and enforcement of plea agreement de novo.)

We also conclude that Cheezem's sentence is not unreasonable, because the court properly considered the parties' arguments and the 18 U.S.C. § 3553(a) factors, and nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (court did not abuse its discretion by refusing to grant variance because it considered § 3553(a) factors and determined sentence within advisory range was appropriate); United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (within-Guidelines-range sentence is presumptively reasonable); United States v. Haack, 403 F.3d 997, 1003-04 (8th. Cir. 2005) (standard of review; listing circumstances that may constitute abuse of discretion).

Accordingly, the judgment is affirmed.
_____